J-S45042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL BRANDON SPENCER, JR. | : | |
| | : | |
| Appellant | : | No. 843 MDA 2025 |

Appeal from the PCRA Order Entered June 12, 2025
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004091-2015

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 06, 2026**

Nathaniel Brandon Spencer, Jr., appeals *pro se* from the order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court set forth the facts and procedural history of this case as follows:

> On or about October 21, 2016, [Spencer] entered a negotiated guilty plea to two counts of [v]oluntary [m]anslaugther, 18 Pa.C.S.[] § 2503(b), [one] count of [a]ggravated [a]ssault, 18 Pa.C.S.[] § 2702(a)(1), and one count of [p]ossession of a [f]irearm with [m]anufacturer [n]umber [a]ltered, 18 Pa.C.S.[] § 6110.2(a). [Spencer] was sentenced to an aggregate term of incarceration of 25 to 60 years with credit for 514 days. . . . No direct appeal was filed.
>
> On November 16, 2016, [Spencer] filed a *pro se* [PCRA petition].

---

[*] Retired Senior Judge assigned to the Superior Court.

On November 22, 2016, Attorney Lara Hoffert . . . was appointed to represent [Spencer] in this disposition of said petition. Thereafter, on December 5, 2016, [Spencer, notwithstanding his represented status,] filed, *pro se*, a ["]Motion to Withdraw PCRA as Prematurely Filed.["] [Spencer] likewise informed Attorney Hoffert of his desire to withdraw his PCRA [petition]. In keeping with [Spencer's] request, Attorney Hoffert also filed a [discontinuance motion] and attached thereto written correspondence from [Spencer,] dated December 2, 2016, in which [Spencer] clearly stated he desired Attorney Hoffert to withdraw his PCRA [petition].

On December 7, 2016, the [c]ourt[, with a different judge presiding,] granted [Spencer's] request and dismissed his PCRA [petition] without prejudice. Attorney Hoffer's appointment was likewise vacated.

On February 16, 2018, [Spencer] filed *pro se* a second [PCRA petition]. On March 22, 2018, Attorney Hoffert was again appointed to represent [Spencer] in the disposition of said petition.

On September 22, 2020, Attorney Hoffert filed a motion seeking leave to withdraw as counsel alleging that [Spencer's p]etition lacked arguable merit. . . . [The PCRA court] granted Attorney Hoffert's [m]otion to [w]ithdraw on September 28, 2020. Th[e PCRA court] filed an [o]rder and [n]otice of [i]ntent to [d]ismiss on May 20, 2025. Th[e PCRA] court dismissed the [p]etition on June 12, 2025.

On June 23, 2025, [Spencer] filed a [n]otice of [a]ppeal to [this Court] from th[e PCRA court's] order[.] On July 14, 2025, [Spencer] was ordered to file a concise statement of [errors] complained of on appeal within 21 days from the order's entry on the docket. [Spencer filed an application seeking more time to file his concise statement, which was granted. The concise statement was ultimately filed on August 4, 2025, within the additional 60-day timeframe granted by the court.]

PCRA Court Opinion, 8/11/25, at 1-2 (footnote omitted).

Although not clearly stated, the questions presented in Spencer's brief[1] are limited to whether the PCRA court erred and/or abused its discretion by: (1) "accepting" PCRA counsel's "deficient" **Turner**/**Finley**[2] letter; (2) permitting counsel to withdraw; and (3) denying him PCRA relief without the requisite amount of specificity. Appellant's Brief at 8.

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

Preliminarily, we must address the timeliness of Spencer's petition because "if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time

---

[1] **See** Pa.R.A.P. 2116(a).

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

for seeking the review." *Id.* § 9545(b)(3). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted).

As he did not file a direct appeal, Spencer's judgment of sentence became final thirty days after its entry on October 21, 2016. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, although he filed an earlier, subsequently withdrawn PCRA petition, Spencer *still* had to comply with the PCRA by filing a timely petition by November 21, 2017, to ensure substantive, unimpeded review of his underlying claims. Here, however, Spencer filed the present petition on February 16, 2018, rendering it patently untimely.

Thus, to obtain review of his untimely PCRA petition, he was required to plead and prove the applicability of one of three statutory exceptions located at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, pursuant to 42 Pa.C.S. § 9545(b)(2), as it existed on the date of the filing of his petition, he needed to plead and prove that he filed it within sixty days of the date the claim could have been presented. *Id.*[3] "We emphasize that it is the petitioner who bears

---

[3] This subsection was amended on October 24, 2018, to take effect on December 24, 2018, allowing for an enlargement of time from sixty days to one year of the date the claim could have been presented. That amendment was designated to apply to claims arising on December 24, 2017, or thereafter. *See* 2018 Pa. Legis Serv. Act 2018-146, § 3 (S.B. 915). As Spencer's preserved claim for the application of a timebar exception is
*(Footnote Continued Next Page)*

- 4 -

the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008).

Spencer's petition attempts to invoke the "newly discovered facts" exception to the PCRA's timebar, which requires a petitioner to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Spencer alleges that he "was informed by numerous inmates that Berks County Prison that there was a news article published that stated that the prosecution in his case rushed to make a deal with [him] after they received a new statement from a witness." Brief in Support of PCRA Petition, 2/16/18, at 4. Although he "was never shown this article[,]" ***id.***, Spencer filed, in November 2016, what would become his subsequently withdrawn PCRA petition. Spencer's family ultimately retrieved the apparent news article on December 19, 2017, which was received by Spencer on December 27, 2017, leading to the filing of his petition in February 2018. ***See id***. at 4-5. Spencer, without defining or elaborating on its contents, contends this article constitutes a newly discovered fact.[4]

_____

premised on his 2017 receipt of a newspaper article, it is governed by the former rule.

[4] Without any explanation, Spencer also suggests that his failure to raise a claim previously was the result of interference by government officials, another attempted invocation of an exception to the PCRA's timebar. ***See*** 42 Pa.C.S. § 9545(b)(1)(i).

Notwithstanding its inclusion in his petition, Spencer's concise statement does not reference the PCRA's timebar. Spencer's appellate brief makes no reference to it, either. Instead of arguing within the parameters of his original petition, Spencer, in his appellate brief, largely challenges the court's order granting PCRA counsel's motion to withdraw from representing him.[5]

Although he filed his notice of appeal on June 23, 2025, he filed a "supplemental" petition with the PCRA court on September 24, 2025.[6] In that petition, he contends, for the first time, that he has a mild to moderate intellectual disability that affected his competency throughout the course of his plea and PCRA proceedings. *See* Appellant's Brief, Exhibit F at ¶¶ 5, 14. In his reply brief, Spencer argues that his mental illness operates as an exception to the PCRA's timebar exception, as he "has a disability that affects his ability to comprehend the facts surrounding his claims and/or to effectively communicate his claims to his counsel." Appellant's Reply Brief at 8 (unpaginated). Spencer asserts that if he presented "his PCRA claim(s) within one year of *regaining* his capacity to recognize his post-conviction claims and/or facts, [his petition] can be considered timely." *Id.* at 1 (emphasis

_____

[5] Despite the discordancy between his petition and appellate brief, we acknowledge that Spencer is acting *pro se*. As such, we are "willing to construe liberally materials filed by a *pro se* litigant," but we note that "*pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003).

[6] This "supplemental" petition was attached to his appellate brief. ***See*** Appellant's Brief at Exhibit F.

added); *but see id.* at 7 (Spencer admitting he "is intellectually disabled").

Although Spencer appears to have abandoned his claims regarding the news article as a newly discovered fact on appeal, we can dispose of that claim, regardless. Our Supreme Court has held that "allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014); *see also Commonwealth v. Blakeney*, 193 A.3d 350, 377 (Pa. 2018) (quoting same upon disposing of timebar exception claim). As such, because the newspaper article in *Castro* merely referenced what could be evidence, there was no "fact" contained within it, only information that could lead a petitioner to discover facts. *Castro*, 93 A.3d at 827. Therefore, pursuant to *Castro*, Spencer's proffered news article, the one identified in his February 16, 2018 petition, cannot serve as a newly discovered fact.[7]

As to his proffer of a newly discovered fact involving his alleged intellectual disability, his filing of a "supplemental" PCRA petition, and his reply brief, filed after Spencer filed his notice of appeal, we observe that the PCRA court lost jurisdiction to entertain their contents. *See* Pa.R.A.P. 1701(a) (except as otherwise provided, "after an appeal is taken . . ., the trial court or other government unit may no longer proceed further in the matter[]"). In effect, then, Spencer is asserting this potential timebar exception for the first

---

[7] Additionally, although he was informed of this news article prior to November 17, 2016, Spencer failed to show due diligence in obtaining any evidence of its existence, given that it took him over a year to obtain a copy of the article.

time on appeal, and resultantly, he has waived review of this contention. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, we note that a reply brief cannot be a vehicle for pursuing review of a claim for the first time. ***See Commonwealth v. Collins***, 957 A.2d 237, 259 (Pa. 2008) ("A claim is waived if it raised for the first time in a reply brief.").

With Spencer having failed to plead and prove an exception to the PCRA's timebar, we conclude that the PCRA court was correct in its determination that it was without jurisdiction to consider his untimely petition's contents and affirm its dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/06/2026